UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| VONZELL STAMPS, | ) |
| Plaintiff, | ) |
| v. | ) No. 4:12CV1518 SNLJ |
| JENNIFER SACHSE, et al., | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court upon the motion of Vonzell Stamps (registration no. 523320), an inmate at Boonville Correctional Center, for leave to commence this action without payment of the required filing fee. For the reasons stated below, the Court finds that plaintiff does not have sufficient funds to pay the entire filing fee and will assess an initial partial filing fee of $21.08. See 28 U.S.C. § 1915(b)(1). Furthermore, based upon a review of the complaint, the Court finds that the complaint should be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).

### 28 U.S.C. § 1915(b)(1)

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his or her prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the

greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account.  28 U.S.C. § 1915(b)(2).  The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid.  Id.

Plaintiff has submitted an affidavit and a certified copy of his prison account statement for the six-month period immediately preceding the submission of his complaint.  A review of plaintiff's account indicates an average monthly deposit of $105.42, and an average monthly balance of $22.22.  Plaintiff has insufficient funds to pay the entire filing fee.  Accordingly, the Court will assess an initial partial filing fee of $21.08, which is 20 percent of plaintiff's average monthly deposit.

## 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court must dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief.  An action is frivolous if it "lacks an arguable basis in either law or fact." Neitzke v. Williams, 490 U.S. 319, 328 (1989); Denton v. Hernandez, 504 U.S.

25, 31 (1992). An action is malicious if it is undertaken for the purpose of harassing the named defendants and not for the purpose of vindicating a cognizable right. Spencer v. Rhodes, 656 F. Supp. 458, 461-63 (E.D.N.C. 1987), aff'd 826 F.2d 1059 (4th Cir. 1987). A complaint fails to state a claim if it does not plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007).

## The Complaint

Plaintiff brings this action under 42 U.S.C. § 1983. At all times relevant to the complaint, plaintiff was confined in the Missouri Eastern Correctional Center ("MECC"). Defendants are Jennifer Sachse, Warden of MECC; Brenda Short, Deputy Warden of MECC; Keith Wreidt, an Institutional Parole Officer; Gabriel Negretti, a Correctional Officer; and Adrian Barnes, an Adjustment Officer at MECC. Plaintiff sues defendants in their individual capacities.

Plaintiff had a conditional release date of December 27, 2011. On December 17, 2011, defendant Negretti found a cell phone in the cell plaintiff shared with another inmate. Plaintiff maintains that the cell phone belonged to his cellmate; the phone was found in a cereal box that plaintiff claims belonged to the cellmate. However, Negretti issued both plaintiff and his cellmate with a "major" conduct

violation for possessing the cell phone. Both plaintiff and his cellmate were taken to administrative segregation.

On December 21, 2011, defendant Barnes held a hearing on the conduct violation. Plaintiff alleges that he requested a "thorough investigation and witnesses" prior to the hearing but that Barnes refused the request. Plaintiff maintains that Barnes "recognized [the conduct violation] should have been written as a Minor violation," and plaintiff says that Barnes found him guilty of possessing contraband. Plaintiff says that, had he been allowed to collect and introduce evidence, he could have shown that his cellmate bought the cereal box the phone was hidden in.

Plaintiff alleges that, despite his conduct violation being properly classified as minor, defendant Wreidt told the Missouri Board of Probation and Parole that he had been found guilty of a "major" violation. Plaintiff claims that his conditional release date was cancelled based on this report, i.e., that the violation was a "major" one.

Plaintiff asserts that he filed grievances with defendants Sachse and Short, who "did nothing to intervene and correct the wrong."

## Discussion

"[A]n inmate does not have a constitutionally-protected liberty interest in the possibility of parole, and [the United States Court of Appeals for the Eighth Circuit] has held that the Missouri parole statutes 'create no liberty interest' under state law

in the parole board's discretionary decisions." Adams v Agniel, 405 F.3d 643, 645 (8th Cir. 2005) (citing Greenholtz v. Inmates of Nebraska Penal & Corrections, 442 U.S. 1, 9-11, (1979)).  As a result, plaintiff's claim for the allegedly unjustified cancellation of his conditional release date is legally frivolous.

Plaintiff's claim that he was denied Due Process during his conduct violation hearing also fails.  For the Due Process Clause to be implicated, an inmate must be subjected to "atypical and significant hardship . . . in relation to the ordinary incidents of prison life." Sandin v. Conner, 515 U.S. 472 (1995).  Plaintiff's allegations do not indicate that he has suffered the type of atypical and significant hardship which might conceivably create a liberty interest.  Id. at 485-86 (no atypical and significant hardship where inmate spent thirty days in solitary confinement); Hemphill v. Delo, 124 F.3d 208 (8th Cir. 1997) (unpublished) (same; four days locked in housing unit, thirty days in disciplinary segregation, and approximately 290 days in administrative segregation); Freitas v. Ault, 109 F.3d 1335, 1337-38 (8th Cir. 1997) (same; ten days administrative segregation and thirty days on "on-call" status, as well as loss of higher paying job and numerous privileges); Wycoff v. Nichols, 94 F.3d 1187, 1190 (8th Cir. 1996) (same; ten days disciplinary detention and 100 days in maximum-security cell); Moorman v. Thalacker, 83 F.3d 970, 973 (8th Cir. 1996) (same; fifteen days of highest-level disciplinary detention and 107 days of less-restrictive

disciplinary detention). There are no factual allegations in the complaint showing that plaintiff suffered an atypical or significant hardship in relation to ordinary prison life. As a result, plaintiff's Due Process Clause claims fail to state a claim upon which relief can be granted.

Moreover, "[o]nly persons who cause or participate in the [Constitutional] violations are responsible. Ruling against a prisoner on an administrative complaint does not cause or contribute to the violation." George v. Smith, 507 F. 3d 605, 609 (7th Cir. 2007) (citations omitted). Therefore, plaintiff's claims against Sachse and Short for denying his grievances are legally frivolous.

For these reasons, the Court will dismiss this action under 28 U.S.C. § 1915(e).

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [Doc. 2] is **GRANTED**.

**IT IS FURTHER ORDERED** that the plaintiff shall pay an initial filing fee of $21.08 within thirty (30) days of the date of this Order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint because the complaint is legally frivolous or fails to state a claim upon which relief can be granted, or both.

**IT IS FURTHER ORDERED** that plaintiff's motion to appoint counsel [Doc. 4] is **MOOT**.

An Order of Dismissal will accompany this Memorandum and Order.

Dated this 28th day of August, 2012.

_____
STEPHEN N. LIMBAUGH, JR.
UNITED STATES DISTRICT JUDGE